STATE *vs.* ROBERT STEWART, AND JOHN NORTON.

*Indictment—Description of Stolen Property—Highway Robbery.*

1. In an indictment for highway robbery a description of the property alleged to be stolen as "sundry coins, the denomination of which is to the jurors unknown, of the aggregate value of three dollars lawful money of the United States of America, of the goods and chattels of the said Chang Lee," held to be sufficient.

2. Robbery committed by a person in a building used as a laundry, not proved to be a dwelling house, is not highway robbery within the contemplation of *Section 14, Chapter 127, Revised Code, page 925.* But such person may, if the evidence should warrant it, be convicted of simple robbery under *Section 19, Chapter 133, Revised Code, page 979.*

(*November 28, 1898.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Peter L. Cooper, Jr.,* Deputy Attorney General, for the State.

*Walter H. Hayes* for the defendant.

Court of General Sessions, New Castle County, November Term, 1898.

The defendants were indicted at this term as follows:

The Grand Inquest for the State of Delaware, and the body of New Castle County, on their oath and affirmation, respectively, do present, that Robert Stewart, late of Wilmington Hundred, in the County aforesaid, and John Norton, late of Wilmington Hundred, in the County aforesaid, on the twenty-eighth day of October, in the year of our Lord one thousand eight hundred and ninety-eight, with force and arms at the hundred aforesaid, in the County aforesaid, near the highway there leading from Poplar street to Lombard street, in the City of Wilmington at the County aforesaid, and known as Fifth street, in and upon one Chang Lee, there being, feloniously did make an assault and him the said Chang Lee, in bodily fear and danger of his life, at the hundred aforesaid, in the County aforesaid, the highway aforesaid, then and there feloniously did put, and sundry coins, the denomination of which is to the jurors aforesaid

unknown, of the aggregate value three dollars, lawful money of the United States of America, of the money, goods and chattels of the said Chang Lee, from the person and against the will of the said Chang Lee, at the hundred aforesaid in the County aforesaid, near the highway aforesaid, then and there feloniously and violently did seize, take and carry away against the form of an act of the General Assembly, in such case made and provided, against the peace and dignity of the State.

At the trial, Mr. Hayes moved to quash the indictment on the ground that the defendant was not sufficiently informed thereby of the nature and character of the accusation against him, in that the description of the articles alleged to have been stolen was not given. *Chapter 127, Revised Code, 925.*

LORE, C. J :—The majority of the Court, consisting of Judge Grubb and myself, think the indictment is sufficient.

SPRUANCE, J., dissented.

At the conclusion of the testimony, the Court charged the jury, upon the various propositions of law raised by the respective counsel, as follows :

SPRUANCE, J., charging the jury:

Gentlemen of the jury :—This is an indictment for highway robbery against Robert Stewart and John Norton, charging them with having near a certain highway, called Fifth street, leading from Poplar street to Lombard street, in the City of Wilmington, committed a robbery upon Chang Lee, taking from him certain money the denomination of which is unknown. The Court has decided that the description of the money in the indictment is sufficient under our statute.

The Attorney General has abandoned the prosecution against Norton, and your verdict as to him will be not guilty.

It is contended on the part ·of the State, that you should find Stewart guilty in manner and form as he stands indicted.

On behalf of Stewart it is claimed that he cannot be so convicted, because the place where the offense is proved to have

been committed was not on or near a highway in the sense contemplated by the statute.

The uncontradicted testimony is that the offense charged was committed by two persons in a building, used as a laundry, situate on Fifth street, between Poplar street and Lombard street, in this city.

There is no allegation in the indictment or evidence before you that the said building was a dwelling house.

The purpose of the statute under which this indictment was found—*Sec. 14, Ch. 127, R. C., 925*—in providing a severer penalty for robbery on or near a highway than in case of an ordinary robbery, was to render highways safe for public travel. As it had often been found difficult to prove the offense to have been committed within the actual limits of the highway, and as in many cases where the offense was committed near the highway, the danger to the use of the highway, was as great as if the offense had been committed on it, the statute extended the same penalty to the offense when committed near the highway.

On the other hand when the statute extended the severer penalty to the offense when committed in a building, it is limited to a dwelling house.

While the building in which the offense charged was committed, was situate on or near a highway, the place was not used as a highway, but as a place of business, and it cannot be considered in the sense and for the purposes of the statute, a place on or near a highway.

We therefore instruct you that you cannot find Stewart guilty in manner and form as he stands indicted.

There is, however, a statute—*Sec. 19, Ch. 133, R. C., 979*—which provides, that, "a person indicted for robbery on or near the highway, or in a dwelling house, may be found guilty of a simple robbery."

Under this statute, if the evidence is sufficient, you may find Stewart not guilty in manner and form as he stands indicted, but guilty of robbery.

The facts testified to by Chang Lee, if true, would constitute the crime of robbery.

As to these and all other questions of fact you are the sole judges.

It is not material whether Stewart was the man who actually used the threats or violence, or took the money; if he was present aiding and assisting the person who did these acts, he is equally guilty.

Every person is to be presumed to be innocent until proved to be guilty, and if after carefully considering all of the evidence, you have a reasonable doubt as to the guilt of the prisoner, you should give him the benefit of that doubt and acquit him. But this should not be the doubt of weak minds, but the reasonable doubt of conscientious, sensible men.

VERDICT :—'' Not guilty as to John Norton ; as to Stewart, not guilty in manner and form as he stands indicted, but guilty of robbery.''